UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Mark P. Provencal

      v.                                                 Civil No. 22-cv-148-JL
                                                      Opinion No. 2022 DNH 147

Kilolo Kijakazi, Acting Commissioner
Social Security Administration


**ORDER ON APPEAL**

Mark P. Provencal appeals the Social Security Administration's ("SSA") denial of his application for disability insurance benefits under Title II of the Social Security Act. Provencal filed a Title II application on August 3, 2019, alleging disability beginning on April 23, 2019.[1] The Administrative Law Judge ("ALJ") denied his application, concluding that despite severe impairments Provencal retained the residual functional capacity ("RFC") to do work that exists in significant numbers in the national economy. See 20 C.F.R. § 404.1520(g). The Appeals Council declined Provencal's request for review with the result that the ALJ's decision became the final decision of the Acting Commissioner on Provencal's application.[2]

On appeal, Provencal asks this court to reverse the Acting Commissioner's decision.[3] See LR 9.1(c). The court has jurisdiction under 42 U.S.C. § 405(g) (Social Security). Provencal

---

[1] Administrative Transcript ("Tr."), at 24.

[2] Provencal erroneously represents that the Appeals Council affirmed the ALJ's decision.  See Tr. 4-2, at 2.

[3] Provencal asks the court to "rule that the Plaintiff is entitled to Social Security Benefits effective the date of onset, April 23, 2019." Doc. no. 6-1, at 6.  That relief is not available unless

argues that the ALJ erred by giving insufficient weight to his treating physician's opinion, by not properly evaluating the effects of fibromyalgia, and by not finding a severe mental impairment.[4] The Acing Commissioner objects and moves for an order affirming the decision. See LR 9.1(d). For the reasons that follow, the court grants the Acting Commissioner's motion and denies Provencal's motion.

I. **Applicable legal standard**

For purposes of review under § 405(g), the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020). Questions of law are reviewed de novo. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The ALJ's factual findings must be affirmed if they are supported by substantial evidence. Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019). Substantial evidence is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 1154 (internal quotation marks omitted). The court must affirm the ALJ's findings, even if the record could support a different conclusion, when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); accord Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).

---

the applicant shows that "'it is clear from the record that a claimant is entitled to benefits.'" Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020) (quoting Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014)). For the reasons that follow in this decision, Provencal has not made that showing.

[4] To the extent Provencal may have intended to raise other issues, they were not sufficiently developed to allow review. Dusel v. Factory Mutual Ins. Co., 52 F.4th 495, 513 (1st Cir. 2022) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

To establish disability for purposes of disability insurance benefits under the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "An ALJ employs a five-step test to determine if an individual is disabled within the meaning of the Social Security Act" that asks "questions that are sequential and iterative, such that the answer at each step determines whether progression to the next is warranted." Sacilowski, 959 F.3d at 433.  The steps are: (Step 1) whether the claimant is currently engaging in substantial gainful activity; if not, (Step 2) whether the claimant has a severe impairment; if so, (Step 3) whether the impairment meets or medically equals an entry in the Listing of Impairments; if not, (Step 4) whether the claimant's residual functional capacity is sufficient to allow her to perform any of her past relevant work; and if not, (Step 5) whether, in light of the claimant's residual functional capacity, age, education, and work experience, she can make an adjustment to other work available in the national economy.[5] Id. (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v)).  The claimant bears the burden of showing he is disabled through the first four steps, but at Step 5 the Acting Commissioner must provide evidence to show that there are jobs in the national economy that the claimant can do.  Sacilowski, 959 F.3d at 434.

---

[5] Between Step 3 and Step 4, the court assesses the claimant's residual functional capacity to determine whether he has the capacity to work despite his limitations.  20 C.F.R. § 404.1545(a).

## II. Background[6]

Provencal was 52 years old at the time of the alleged onset of disability in April of 2019. He has a high school education and previously worked as a residential counselor. He represents that he began receiving medical care for a variety of ailments at the onset date, April 23, 2019, and cites generally 350 pages of medical records without any further explanation or analysis. Because Provencal did not provide a factual statement or any summary of the cited medical records, the court will not do Provencal's work for him by reviewing the records to find evidence that might support his claim.[7]

Provencal applied for benefits on August 3, 2019, and after the claim was denied requested a hearing. A telephonic hearing was held before an ALJ on November 12, 2020. Provencal was represented by a non-attorney representative. A vocational expert testified by telephone. The ALJ issued a decision on January 20, 2021, finding that Provencal was not disabled within the meaning of the Social Security Act.

In her decision, the ALJ found that Provencal had severe impairments due to fibromyalgia, diabetes mellitus, obesity, GERD, Barrett's esophagus, depressive disorder, anxiety disorder, PTSD, and borderline personality disorder. She found that Provencal's impairments did not meet or medically equal a listed impairment at 10 C.F.R. part 404, Subpart

---

[6]Under the local rules in this district, a plaintiff challenging the Acting Commissioner's decision pursuant to § 405(g) is required to serve and file a motion to reverse that decision with a memorandum of law and a statement of material facts. LR 9.1(c). Although Provencal is represented by counsel, he did not file the required statement of material facts. In response, the Acting Commissioner noted Provencal's omission but did not fill the gap. See LR 9.1(d). Therefore, the background information is taken from the parties' memoranda and facts in ALJ's decision, which are not disputed by either party.

[7] Provencal is represented by counsel, and for that reason is not entitled to leniency afforded to pro se litigants.

P, Appendix 1. For purposes of her RFC finding, the ALJ concluded that Provencal retained the capacity to perform light work with some additional limitations. The ALJ found that Provencal could not return to his past work, but based on the vocational expert's testimony, the ALJ found that Provencal could work as a photocopy machine operator, mail clerk, and retail marker. For that reason, the ALJ found that Provencal was not disabled. As is noted above, the Appeals Council denied review.

## III. Analysis

In support of his motion to reverse, Provencal suggests that the ALJ did not give sufficient weight to the opinion of his treating physician, Dr. Sung Eun Jang; did not properly evaluate the level of his impairment due to fibromyalgia based on his testimony and Social Security Ruling ("SSR") 12-2p; and failed to find that his mental impairments are disabling. The Acting Commissioner contends that Provencal's counsel did not provide a sufficiently developed argument on his behalf to support review.[8] Alternatively, the Acting Commissioner contends that substantial evidence supports the ALJ's finding at Step Three and the RFC assessment, that the ALJ properly considered and weighed Dr. Jang's opinions, that the ALJ correctly relied on the consultative examiner's opinion about Provencal's mental functioning, and that the record does not support Provencal's other arguments, to the extent he asserts them.

### A. Medical Opinions

Under the rules currently in force, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

---

[8] As noted above, the arguments made on Provencal's behalf are skeletal at best. The court addresses the issues that can be discerned from Provencal's memorandum.

finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[9] Instead, an ALJ considers the supportability of the opinion, the extent to which the opinion is consistent with evidence from other sources, the medical source's relationship with the claimant, the specialization of the medical source, and certain other factors such as the familiarity of the medical source with the disability program. § 404.1520c(c). In the decision, the ALJ will articulate how persuasive he or she found opinions from medical sources based on certain criteria. § 404.1520c(b).

1. Dr. Sung Jang[10]

The ALJ in this case considered Dr. Sung Jang's opinions about Provencal's limited functional capacity and addressed them separately. Tr. at 34-35. The ALJ found that the August 7, 2020, opinion, which was provided for purposes of obtaining benefits from a life insurance policy and reported he could not do his former work, was not persuasive because it was not supported by the mostly normal finding on examination in treatment notes from April of 2019 through the date of the opinion. Dr. Sung Jang's opinion in October of 2020 stated that Provencal could not do even simple sedentary tasks, but the ALJ found that opinion was not supported by Dr. Sung Jang's own records, which the ALJ summarized. Provencal has not shown any error in the ALJ's assessment of Dr. Sung Jang's opinions.

2. Denise Moquin, PsyD

Dr. Moquin performed a consultative examination of Provencal on February 5, 2020. Based on her examination, including the testing results, Dr. Moquin reported that Provencal

---

[9] 20 C.F.R. § 404.1520c applies to claims filed after March 27, 2017.

[10] Provencal refers to his treating physician as Dr. Sung Jang, while the ALJ referred to the same provider as Dr. Sung. The court will use the name Dr. Sung Jang.

could perform simple work tasks, interact with supervisors, maintain pace and concentration at work, and adapt to changes.  Provencal challenges Dr. Mogquin's opinion on the ground that she "failed to take in consideration a full complement of ongoing medical treatment."  Doc.  no. 6-1, at 6.

In support, Provencal cites Giandomenico v. U.S.  Soc. Sec. Admin., 2017 WL 5484657 (D.N.H. Nov. 15, 2017).  There, the court held that an opinion by a non-examining consultant that is based on a review of the claimant's medical records cannot provide substantial evidence to support an ALJ's RFC if the review was based on a significantly incomplete record.  Kimball v. Kijakaziu, 2022 WL 2702819, at *7 (D.N.H. July 7, 2012).  The reviewed record is significantly incomplete if records added or generated after the review "would materially change the basis for assessing the claimant's limitations."  Id.  If that occurs, "the ALJ must explain whether missing evidence was material to assessing the claimant's limitations."  Id.

Dr. Moquin, however, was a consultative examining psychologist, not a non-examining consultant.   She based her opinion on her own testing and examination, not on a review of Provencal's records.  Even if that were not the case, Provencal has not demonstrated that any material medical records were unavailable to Dr. Moquin.  Therefore, Provencal has not shown that the ALJ improperly relied on Dr. Moquin's opinion.

### B. Fibromyalgia

Provencal alludes to issues about the ALJ's consideration of his impairments due to fibromyalgia, but no issue is sufficiently developed to discern the legal grounds asserted.  To the extent he intended to challenge the ALJ's finding at Step Three based on SSR 12-2p, he has not made the necessary showing.  Provencal bore the burden of proving that he was disabled at Step Three.  The ALJ considered SSR 12-2p (2012 WL 3104869) and found that the evidence did not

show disability. Provencal has not shown or even argued that the ALJ's assessment was erroneous.

Alternatively, Provencal may have intended to argue that the ALJ did not properly credit his testimony about his limited ability to walk because of fibromyalgia. He cites a rescinded Social Security Ruling in support. Further, as the Acting Commissioner points out, Provencal did not testify that his ability to walk, as stated in the memorandum, is limited by fibromyalgia. Therefore, that issue, to the extent it was raised, has no merit.

### C. Mental Impairment

Provencal may contend that the ALJ erred in failing to find a severe mental impairment. In fact, however, the ALJ did find severe mental impairments. Because of his mental impairments, the AJL limited Provencal's RFC to simple tasks for two-hour periods and restricted him to only occasional interaction with the public and his co-workers. Provencal has not shown that the RFC is not supported by substantial evidence or is otherwise a basis for reversing the ALJ's decision.

### IV. Conclusion

For these reasons, Provencal's motion to reverse[11] is denied. The Acting Commissioner's motion to affirm[12] is granted. The clerk of court shall enter judgment accordingly and close the case.

---

[11] Doc. no. 6.

[12] Doc. no. 9.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 29, 2022

cc:John A. Wolkowski, Esq.
Candace H. Lawrence, Esq.
Daniel S. Tarabelli, Esq.